{¶ 74} I do not agree that the common pleas court abused its discretion by refusing to modify the shared parenting plan to allow the mother to move the children to California. As the majority has noted, R.C. 3109.04(E) provides that the court shall not modify a decree allocating parental rights and responsibilities unless it finds that a change has occurred in the circumstances of the child or either of the parents subject to a shared parenting order, and the modification is necessary to serve the best interest of the child. "In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies: * * * (iii)
 {¶ 75} The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." (Emphasis added.) In other words, the status quo of a shared parenting arrangement must be maintained unless the benefit to the child from a change of environment outweighs the harm caused by the change.
 {¶ 76} I simply cannot say as a matter of law that the economic benefit of relocation to California outweighs the emotional harm caused by moving the children away from their father and his family. I do not mean to belittle the importance of economic stability in a child's life. However, I think the majority undervalues the stable, daily interaction between the children and both parents and their extended families, and the influence that may have on the children's mental and emotional health. In my opinion, the majority overreaches when it decides that it was an abuse of discretion for the common pleas court to determine, under all of the facts and circumstances, that the loss of the benefits of shared parenting and the familial relationships in the Cleveland area would outweigh the benefit to the children of their mother's opportunity for better employment in California. I would affirm.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., Concurs.
 Rocco, J., dissents.